UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Dartmouth Hitchcock Medical Center</u>

    v.                                            Civil No. 09-160-JD

<u>Cross Country Travcorps, Inc. et al.</u>

<u>O R D E R</u>

Dartmouth Hitchcock Medical Center ("DHMC") brings an action for indemnification and contribution against Cross Country Travcorps, Inc., doing business as Cross Country Staffing, and their affiliates, (referred to collectively as "Cross Country") and CHG Medical Staffing, Inc., doing business as RN Network (referred to as "CHG"). CHG moves to dismiss, arguing that an arbitration provision in a contract at issue in the dispute requires dismissal of Counts I and III in favor of arbitration and that Count II should be submitted to arbitration "in the interest of judicial economy."[1]  DHMC objects to the motion.

In support of its motion, CHG submitted a copy of a "Staffing Subcontractor Agreement," between CHG and Cross Country, and a copy of a "Healthcare Staffing Vendor Management

---

[1] Although the motion is titled as a "Motion to Dismiss," CHG states that the motion seeks judgment on the pleadings under Federal Rule of Civil Procedure 12(c). CHG, however, has not filed its answer.

Agreement," between Cross Country and DHMC.  CHG asserts that under the terms of the contracts, DHMC's claims against CHG are required to be submitted to arbitration.  DHMC contends that the motion must be converted to one for summary judgment because of the extrinsic materials submitted in its support and also objects to the motion on its merits.

## Discussion

The suit arises out of a medical negligence action brought against DHMC by the daughter and husband of a patient, Katherine Coffey, who died following treatment for hypoclycemia at DHMC.[2]  The plaintiffs alleged, inter alia, that a nurse at DHMC negligently performed her duties which injured Mrs. Coffey's hand and ultimately caused her death.  A jury found in favor of the plaintiffs.

DHMC brought suit against the entities who provided the nurse to work at DHMC.  In the complaint, DHMC alleges that Cross Country and CHG supplied one or more medical professionals to DHMC pursuant to contract.  The complaint further explains that the nurse involved in the underlying medical negligence action was provided to DHMC under a contract between DHMC and Cross

---

[2]CHG's memorandum mistakenly states that the action "arises out of the death of Francis Coffey . . . ."


Country and that Cross Country subcontracted with CHG to provide the nurse.  In Count I, DHMC alleges an indemnification claim against CHG and Cross Country "pursuant to the aforementioned contract and subcontract."  In Count II, DHMC claims contribution from Cross Country and CHG because they provided the nurse involved in the underlying medical malpractice action.  In Count III, DHMC alleges that CHG breached its contract with Cross Country by failing to provide DHMC with additional insurance coverage as required by the contract.

CHG contends that DHMC's claims under the contract and subcontract, in Counts I and III, are subject to the arbitration clause in the Staffing Subcontractor Agreement between CHG and Cross Country.  CHG further contends that Count II, the contribution claim, also should be submitted to arbitration in the interests of judicial economy.  DHMC argues that the motion must be converted to one for summary judgment to consider the contracts submitted by CHG and also contends that the arbitration provision does not apply to the claims asserted here.

Federal Rule of Civil Procedure 12(d) provides that if a party submits "matters outside the pleadings" in support of a motion for judgment on the pleadings, and the extrinsic matters are not excluded by the court, the motion is converted to a motion for summary judgment and the parties must be given a

reasonable time to present material that is pertinent to the motion. The limitations of Rule 12(d), however, are not absolute. <u>Giragosian v. Ryan</u>, 547 F.3d 59, 65 (1st Cir. 2008). When the complaint is "expressly linked to" and "dependent upon" a document, such as an agreement, whose authenticity is not in dispute, the court can review the document without converting the motion to one for summary judgment. <u>Diva's Inc. v. City of Bangor</u>, 411 F.3d 30, 38 (1st Cir. 2005).

Although the contract and subcontract submitted by CHG are at the heart of two of DHMC's three claims, the applicability of the arbitration clause to DHMC's claims is disputed. Given the complexity of the issues raised, the question of the application of the arbitration clause must be addressed after an opportunity for discovery and through a motion for summary judgment.

## <u>Conclusion</u>

For the foregoing reasons, the defendant's motion to dismiss (document no. 12) is denied without prejudice.

SO ORDERED.

                                         ***/s/Joseph A. DiClerico, Jr.***
                                         Joseph A. DiClerico, Jr.
                                         United States District Judge

July 31, 2009

cc: Andrew D. Dunn, Esq.
    Ronald J. Lajoie, Esq.
    Ralph Suozzo, Esq.