```
                 UNITED STATES DISTRICT COURT FOR THE
                       DISTRICT OF NEW HAMPSHIRE
```

<u>Dartmouth Hitchcock Medical Center</u>

   v.                                      Civil No. 09-cv-160-JD
                                              Opinion No. 2009 DNH 186

<u>Cross Country Travcorps, Inc.,</u>
<u>d/b/a Cross Country Staffing</u>
<u>(and their affiliates), and</u>
<u>CHG Medical Staffing, Inc.,</u>
<u>d/b/a RN Network</u>

### O R D E R

Dartmouth Hitchcock Medical Center ("DHMC") brought an action against Cross Country Travcorps, Inc., doing business as Cross Country Staffing, and their affiliates (referred to collectively as "Cross Country"), and CHG Medical Staffing, Inc., doing business as RN Network ("CHG"). DHMC moved for summary judgment on some of its claims against Cross Country. The court issued a procedural order on September 17, 2009, indicating that a hearing would be held on DHMC's motion, and requiring the parties to be prepared to address several issues relevant to that motion. The hearing was held on November 17, 2009.

In the late afternoon of November 16, Cross Country filed a thirteen-page "Written Response" to the court's procedural order and appended eight exhibits. On November 25, DHMC filed an eighteen-page "Rejoinder" to Cross Country's Written Response.

Cross Country responded with a motion, pursuant to Federal Rule of Civil Procedure 12(f), to strike DHMC's rejoinder or, in the alternative, for leave to file a reply to that rejoinder and a request for oral argument.  CHG fully assented to the motion. DHMC did not assent to the motion to strike, and filed a partial objection to that motion, but did assent to the granting of leave to file a reply.

Cross Country argues that DHMC's rejoinder should be struck because equity, justice, and fundamental fairness require it; it is not a recognized pleading under the Federal Rules of Civil Procedure; it is an untimely attempt to expand DHMC's motion for summary judgment; and it raises numerous issues of fact and new arguments, emphasizing the need for trial.  None of these arguments is persuasive.

Cross Country moved to strike pursuant to Rule 12(f), which allows the court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  As Cross Country points out, DHMC's rejoinder was not a pleading, but rather -- like Cross Country's Written Response -- a filing in response to the September 17 procedural order.  By its terms, Rule 12(f) does not authorize the court to strike DHMC's rejoinder.  Moreover, because Cross Country filed a written response to the procedural order, equity, justice, and

fundamental fairness weigh in favor of giving DHMC an opportunity to respond in writing.

Because DHMC's rejoinder will not be struck and because the parties agree that Cross Country should have an opportunity to respond to DHMC's rejoinder, Cross Country's motion for leave to reply is granted.  The reply shall be filed by December 11, 2009.

Finally, Cross Country's request, pursuant to Local Rule 7.1(d), for oral argument regarding the issues raised in DHMC's rejoinder is denied.  Rule 7.1(d) requires a "written statement by a party outlining the reasons why oral argument may provide assistance to the court."  Cross Country's only justification for its request for oral argument is that such a hearing would "fully explore the issues the rejoinder raises."  Cross Country's written reply to DHMC's rejoinder is sufficient.

## Conclusion

For the foregoing reasons, Cross Country's motion to strike (doc. no. 38) is granted to the extent that Cross Country may

file a reply to DHMC's rejoinder and is otherwise denied.  Cross Country shall file its reply **on or before December 11, 2009.**


SO ORDERED.

                                    _____
                                    Joseph A. DiClerico, Jr.
                                    United States District Judge

December 4, 2009

cc:   Andrew D. Dunn, Esquire
      Ronald J. Lajoie, Esquire
      Anil Madan, Esquire
      Joseph Gardner Mattson, Esquire
      Ralph Suozzo, Esquire