UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Dartmouth Hitchcock Medical Center


     v.                           Civil No. 09-cv-160-JD
                                      Opinion No. 2010 DNH 126

Cross Country Travcorps, Inc.,
d/b/a Cross Country Staffing
(and their affiliates), and
CHG Medical Staffing, Inc.,
d/b/a RN Network


O R D E R


Dartmouth Hitchcock Medical Center ("DHMC") brought an
action against Cross Country Travcorps, Inc., doing business as
Cross Country Staffing, and their affiliates (referred to
collectively as "Cross Country"), and CHG Medical Staffing, Inc.,
doing business as RN Network ("CHG").  CHG moved for summary
judgment, seeking an order that all three claims against CHG be
submitted for binding arbitration.  In an order dated June 10,
2010, the court granted the motion with respect to DHMC's claims
against CHG for indemnification and breach of contract, and
denied the motion with respect to DHMC's claim for contribution.
DHMC now seeks reconsideration of the portion of the order
requiring that the indemnification and breach of contract claims
be submitted to arbitration.  CHG objects.

Standard of Review

"A motion to reconsider an interlocutory order of the court,
meaning a motion other than one governed by Fed. R. Civ. P. 59 or
60, shall demonstrate that the order was based on a manifest
error of fact or law."[1]   Local Rule 7.2(e).   "The granting of a
motion for reconsideration is 'an extraordinary remedy which
should be used sparingly.'"   Palmer v. Champion Mortgage, 465
F.3d 24, 30 (1st Cir. 2006) (quoting 11 Charles Alan Wright,
Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure
§ 2810.1 (2d ed. 1995)).   "Unless the court has misapprehended
some material fact or point of law, such a motion is normally not
a promising vehicle for revisiting a party's case and rearguing
theories previously advanced and rejected."   Palmer, 465 F.3d at
30.[2]

---

[1]DHMC did not specify under what rule it seeks
reconsideration.   In its objection, CHG applied Local Rule
7.2(e), and DHMC did not file a reply or otherwise object.   It
appears that neither Rule 59 nor Rule 60 is applicable, so the
court proceeds under the Local Rule.

[2]Although the motion to reconsider in Palmer was brought
under Rule 59(e), there is only a subtle difference between the
Palmer standard and Local Rule 7.2(e).   See Northwest Bypass
Group v. U.S. Army Corps of Engineers, 552 F. Supp. 2d 137, 145
n.5 (D.N.H. 2008).   To the extent there is any difference between
the two standards, the court looks to Palmer for guidance but
makes its determination pursuant to the Local Rule.

Discussion[3]

DHMC argues that the June 10 order was incorrect because the arbitration clause, by its terms, is limited to the "parties" to the contract.  DHMC contends that the clause does not apply to it, because it is not a "party" as that term was defined by the Subcontract, but rather merely a third-party beneficiary.  In particular, DHMC argues that the court misapplied <u>Sitarik v. JFK Med. Ctr. Ltd.</u>, 7 So.3d 576, 578 (Fla. Dist. Ct. App. 2009) and <u>Terminix Int'l Co. v. Ponzio</u>, 693 So.2d 104 (Fla. Dist. Ct. App. 1997); overlooked portions of the Subcontract; and misunderstood the holding of <u>Hirshenson v. Spaccio</u>, 800 So.2d 670, 673 (Fla. Dist. Ct. App. 2001).  CHG argues that the court committed no manifest error of fact or law.

A.    <u>Sitarik and the Subcontract</u>

DHMC argues that the court erred because it failed to follow Florida law as dictated in <u>Sitarik</u>.  According to DHMC, <u>Sitarik</u> is applicable to this case and instructs the court to look to other provisions of the Subcontract to determine whether DHMC is bound by the arbitration clause.  CHG contends that the court correctly applied Florida law.

---

[3]The pertinent background is provided in the June 10 order.

In Sitarik, John Sitarik brought breach of contract and related claims against his former employer and others.  The defendants sought to compel arbitration of the claims under the terms of an arbitration clause in a "Professional Services Agreement" ("PSA"), which Sitarik did not sign.  7 So.3d at 577. They argued that Sitarik was bound by the arbitration clause because he had signed an addendum to the contract providing that the PSA was binding on Sitarik "to the extent applicable."  Id.

The court determined that the arbitration clause, by its terms, applied only to the "parties" to the PSA, and that the term "parties" was not defined explicitly in the contract.  Id. at 578.  To determine the meaning of the word "parties," the court looked at the remainder of the PSA.  In holding that Sitarik was not bound by the arbitration clause, the court relied primarily on the PSA's third-party beneficiary clause, which stated that the PSA and the parties' course of dealing should not "'be construed as conferring any third-party beneficiary status on any person not a party to this Agreement, including without limitation any Contractor's Representative.'"  Id. (quoting the PSA).  Because another portion of the PSA stated that Sitarik was a Contractor's Representative, the court concluded that Sitarik was not a "party" to the PSA.  Id.

4

Sitarik is distinguishable from the present case because in

that case, the contract clearly provided that Sitarik was a

Contractor's Representative and thus was not a third-party

beneficiary.  In the present case, DHMC concedes that it is a

third-party beneficiary of the Subcontract and there is no

provision in the Subcontract that states otherwise.  Therefore,

Sitarik, which dealt with whether a non-signatory, non-third

party beneficiary could be bound to an arbitration clause, is not

applicable to the situation here.  The court correctly applied

Florida law.[4]

---

[4]To the extent DHMC is arguing that a third-party
beneficiary is not bound to an arbitration clause that refers
explicitly to the parties to the agreement, Florida law indicates
otherwise.  In Extendicare Health Services, Inc. v. Estate of
Patterson, 898 So.2d 989, 990 (Fla. Dist. Ct. App. 2005), the
arbitration clause at issue referred to "a dispute aris[ing] out
of this Agreement which the parties cannot resolve by
negotiation."  Despite the fact that Patterson was not a party to
the agreement, the court stated in dicta that, "[a]s a third
party beneficiary, Patterson could be bound by the agreement,
including the arbitration provision."  Id.  As discussed below,
Terminix explicitly states the same principle.

Sitarik is also distinguishable because the arbitration
clause in that case clearly stated that it only bound the parties
to the PSA.  The Subcontract in this case, on the other hand,
states that "[a]ll disputes arising from or relating to this
Agreement and not settled between the parties will be decided
before a neutral third party."  Subcontract, ¶ X.G.  In context,
especially given the lack of an explicit definition of the term
"parties" in the Subcontract, it is not clear that the reference
is to parties to the Subcontract rather than parties to the
"dispute[] arising from or relating to" the Subcontract.  Even if

B.    Terminix

DHMC also argues that the court misapplied Terminix because

that case addressed the scope of a valid arbitration clause

rather than whether a third-party beneficiary can be bound to an

arbitration clause.[5]   Again, CHG contends that there was no

error.

In Terminix, Anthony Ponzio entered an agreement with

Terminix to control pests at his home.  The agreement included an

arbitration clause providing that, "[Ponzio] and Terminix agree

that any controversy or claim between them arising out of or

relating to this agreement shall be settled exclusively by

arbitration."  693 So.2d at 105.  When the pests were not

---

the clause was meant to refer to the parties to the Subcontract,
however, DHMC would still be bound to it, as explained in
Extendicare and Terminix.

[5]DHMC also argues that, even if Terminix is applicable, it
cannot trump Sitarik because Terminix was decided by the Fifth
District Court of Appeal of Florida, whereas Sitarik was decided
by the Fourth District, where the offices of CHG and Cross
Country are located.  Because the court finds that Sitarik is not
applicable and that Terminix was applied appropriately, the two
cases do not present a conflict and there is no need to decide
their relative strength.  Moreover, DHMC cites no precedent for
its proposition.  See also System Components Corp. v. Fla. Dept.
of Transp., 14 So.3d 967, 973 n.4 (Fla. 2009) ("In the absence of
inter-district conflict or contrary precedent from this Court, it
is absolutely clear that the decision of a district court of
appeal is binding precedent throughout Florida.") (citing Pardo
v. State, 596 So.2d 665, 666 (Fla. 1992)) (emphasis in original).

eradicated, Ponzio and his wife, their child, and the mother of another child who apparently resided occasionally at the residence in question sued Terminix, alleging negligence and breach of contract. Terminix moved to dismiss on the ground that the arbitration provision in the pest control agreement applied. The trial court denied the order.

DHMC is correct that much of the Terminix decision centers on whether personal injury claims are within the scope of the arbitration provision. In reversing the trial court and holding that the arbitration agreement applied, however, the appellate court also explained that "the fact that only Anthony Ponzio signed the contract does not limit arbitration to just his claim. The non-signing plaintiffs are in essence asserting third party beneficiary status to the contract." 693 So.2d at 109. The court found that the other plaintiffs were bound to the arbitration clause even though the arbitration clause referred explicitly to controversies or claims arising between Ponzio and Terminix.

Because Terminix held that the arbitration clause bound non-signatory third-party beneficiaries even where the clause itself explicitly bound only the parties to the contract, it is directly

on point.  The court did not err in citing or relying on

Terminix.[6]


C.   Hirshenson

DHMC argues that the court should not have relied upon

Hirshenson because that case did not turn on whether arbitration

clauses are binding on third-party beneficiaries, but rather on

the fact that the third-party beneficiary in question was

explicitly bound by the terms of the agreement.  CHG does not

directly address this argument.

The June 10 order relied on Hirshenson only for the general

proposition that "Florida courts have generally held that

arbitration clauses in contracts . . . are binding on third party

beneficiaries."  800 So.2d at 673.  The facts in Hirshenson are

quite different from the facts in the present case.[7]  The June 10

───────────────

[6]DHMC suggests that, although the Terminix court stated that
the non-signatory plaintiffs were bound because they were third-
party beneficiaries, the court could have – but did not - discuss
the fact that the non-signatories should be bound under an agency
theory.  Terminix was not decided on this ground, nor was it even
mentioned in the decision.  DHMC's speculation regarding the
applicability of the agency theory and a potential alternate
ground for the Terminix court's holding does not present a
manifest error of law.

[7]Indeed, in Hirshenson, a third-party beneficiary sought to
bind a signatory to an arbitration clause, whereas this case
presents the opposite scenario.

order did not, however, apply <u>Hirshenson</u> or rely on it beyond the very general statement of Florida law, which is repeated in numerous other Florida cases.  See, e.g., <u>BallenIsles Country Club, Inc. v. Dexter Realty</u>, 24 So.3d 649, 652 n.2 (Fla. Dist. Ct. App. 2009) (because defendant was a third-party beneficiary of agreements, it was bound to arbitration clauses); <u>Alterra Healthcare Corp. v. Estate of Linton</u>, 953 So.2d 574, 579 (Fla. Dist. Ct. App. 2007) ("A nonsignatory third-party beneficiary is bound by the terms of a contract containing an arbitration clause."); <u>Extendicare Health Servs.</u>, 898 So.2d at 990; <u>Germann v. Age Inst. of Fla., Inc.</u>, 912 So.2d 590, 592 (Fla. Dist. Ct. App. 2005) ("a nonsignatory to an arbitration agreement may be bound to arbitrate . . . if the nonsignatory is specifically the intended third-party beneficiary of the contract"); <u>Int'l Bullion & Metal Brokers, Inc. v. West Pointe Land, LLC</u>, 846 So.2d 1276, 1277 (Fla. Dist. Ct. App. 2003) ("It is well established that arbitration provisions of a contract are binding on the parties to the contract, as well as on intended third party beneficiaries of the contract.").

Because the court relied on <u>Hirshenson</u> only for a general statement of Florida law, and the statement is repeated by many other Florida courts, citing <u>Hirshenson</u> was not a manifest error of law.

9

Conclusion

       For the foregoing reasons, DHMC's motion for reconsideration

(doc. no. 56) is denied.


       SO ORDERED.



                                        _Joseph A. DiClerico, Jr._____
                                         Joseph A. DiClerico, Jr.
                                         United States District Judge

July 27, 2010

cc:   Andrew D. Dunn, Esquire
      Ronald J. Lajoie, Esquire
      Anil Madan, Esquire
      Joseph Gardner Mattson, Esquire
      Ralph Suozzo, Esquire