UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Dartmouth Hitchcock Medical Center</u>

    v.                                       Civil No. 09-cv-160-JD

<u>Cross Country Travcorps, Inc.,
d/b/a Cross Country Staffing
(and their affiliates), and
CHG Medical Staffing, Inc.,
d/b/a RN Network</u>

<u>O R D E R</u>

    Dartmouth Hitchcock Medical Center ("DHMC") brought an action against Cross Country Travcorps, Inc., doing business as Cross Country Staffing, and their affiliates (referred to collectively as "Cross Country"), and CHG Medical Staffing, Inc., doing business as RN Network ("CHG"). DHMC brought claims for breach of contract, contribution, and indemnification, seeking payment of the damages DHMC incurred in a medical negligence action, <u>Aumand v. Dartmouth Hitchcock Medical Center</u>, No. 06-cv-434-JL (D.N.H.). DHMC moves to compel CHG and Cross Country to produce a copy of their recent agreement or documents memorializing their agreement, which requires CHG to indemnify Cross Country in this suit. CHG and Cross Country object to the motion.

    "Parties may obtain discovery regarding any matter, not privileged, that is relevant to any party's claim or defense . . .

. . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).

DHMC argues that the agreement may provide terms that are inconsistent with the preexisting Staffing Subcontractor Agreement between Cross Country and CHG and that the inconsistency would show the defendants' interpretation of the Subcontract and would amount to a concession as to the indemnity obligation.  DHMC also states that the undisclosed agreement "is possibly relevant" to DHMC's estoppel arguments.

DHMC's arguments are not persuasive.  DHMC has not shown that the recent agreement between Cross Country and CHG is relevant to any of the claims or defenses in this suit at this stage of the litigation.  Cross Country also asserts that the agreement is privileged as a joint defense agreement.  Because DHMC has not established the relevance of the agreement, the court will not address the privilege.

## Conclusion

For the foregoing reasons, the plaintiff's motion to compel (document no. 68) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

December 1, 2010

cc: Andrew D. Dunn, Esquire
 Ronald J. Lajoie, Esquire
 Anil Madan, Esquire
 Joseph Gardner Mattson, Esquire
 Ralph Suozzo, Esquire