UNITED STATES DISTRICT COURT FOR THE
                          DISTRICT OF NEW HAMPSHIRE


<u>Dartmouth Hitchcock Medical Center</u>

     v.                                  Civil No. 09-cv-160-JD
                                         Opinion No. 2010 DNH 210
<u>Cross Country Travcorps, Inc.,
d/b/a Cross Country Staffing
(and their affiliates), and
CHG Medical Staffing, Inc.,
d/b/a RN Network</u>


                              O R D E R

     Dartmouth Hitchcock Medical Center ("DHMC") brought an action against Cross Country Travcorps, Inc., doing business as Cross Country Staffing, and their affiliates (referred to collectively as "Cross Country"), and CHG Medical Staffing, Inc., doing business as RN Network ("CHG").  DHMC's claims arise out of a medical negligence action, <u>Aumand v. Dartmouth Hitchcock Medical Center</u>, No. 06-cv-434-JL, brought by the daughter and husband of a patient, Katherine Coffey, who died following treatment at DHMC.  In this case, DHMC seeks indemnification from Cross Country and contribution from Cross Country and CHG toward the damages paid in the <u>Aumand</u> case.  DHMC moves for summary judgment, and the defendants object.

Standard of Review

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party opposing a properly supported motion for summary judgment must present competent evidence of record that shows a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). All reasonable inferences and all credibility issues are resolved in favor of the nonmoving party. See id. at 255.

DHMC bears the burden of proving its claims of indemnity and contribution. When the party with the burden of proof moves for summary judgment on its claims, the moving party "must provide evidence sufficient for the court to hold that no reasonable trier of fact could find other than in its favor." Am. Steel Fabricators, Inc. v. Local Union No. 7, 536 F.3d 68, 75 (1st Cir. 2008).

Background

The court previously granted a motion filed by CHG and Cross Country that challenged evidence provided by certain witnesses in support of DHMC's motion for summary judgment. As a result, the

opinions provided by the challenged witnesses will not be considered here.  In the order granting CHG and Cross Country's motion, the court provided the pertinent background information, which is repeated as follows.  <u>See</u> Order granting Motion to Exclude, Dkt. no. 70.

Deborah Aumand, as the executor of the estate of her mother, Katherine Coffey, and Francis Coffey, Deborah's father and Katherine's husband, brought a medical malpractice against DHMC, alleging that Katherine Coffey died as a result of treatment she received at DHMC in 2005.  A nurse involved in Mrs. Coffey's case, Nurse Ruth Burdett, was provided to DHMC through a vendor agreement with Cross Country, which then subcontracted with CHG to fill the staffing request.

The <u>Aumand</u> plaintiffs added Cross Country and CHG as defendants in an amended complaint, alleging that the nurse they supplied to DHMC provided medical care below the applicable standard, which resulted in Mrs. Coffey's death.  Later, the plaintiffs in the <u>Aumand</u> case voluntarily dismissed their claims against Cross Country and CHG.  Just before trial, DHMC attempted to bring Cross Country and CHG back into the case in order to address the issues necessary for deciding contribution and indemnification.  The court denied DHMC's motion.

The case proceeded to trial with DHMC as the only defendant. The parties agreed, for purposes of their final pretrial statements, on the following statement of the case:

> In this case, the Plaintiffs allege that on September 1, 2005, following Katherine Coffey's admission to [DHMC] for treatment of a pleural effusion, that DHMC, through its employees, improperly treated Mrs. Coffey's repeated episodes of hypoglycemia by administering four(4) separate doses of dextrose (D50) through an IV in the dorsum of Mrs. Coffey's left hand, thereby violating the standard of care. In addition, the Plaintiffs allege that the doses of D50 were administered negligently and improperly and therefore violated the standard of care. The Plaintiffs further allege that DHMC, through its employees, violated the standard of care by failing to give Mrs. Coffey oral nutrition to treat her repeated episodes of hypoglycemia and/or by administering D5 and/or D10 through IV and by failing to identify what was causing Mrs. Coffey's repeated episodes of hypoglycemia. Finally, the Plaintiffs allege that DHMC's violations of the standard of care caused injury to Mrs. Coffey, specifically, that Mrs. Coffey suffered an infiltration of D50, which resulted in the amputation of several of her fingers, which resulted in her contracting an infection called methicillin-resistant staphylococcus aureus (MRSA), which caused Mrs. Coffey's death on November 27, 2005.

The evidence at trial showed that Nurse Burdett administered the doses of D50, in a manner which the plaintiffs contended violated the standard of care. An intern, Dr. Dawn Barclay, and Nurse Practitioner Jean Clark, a DHMC employee, also were involved in Mrs. Coffey's treatment. The plaintiffs faulted DHMC for lacking a protocol to manage hypoglycemia, faulted the medical personnel for failing to properly manage Mrs. Coffey's hypoglycemia with

4

feeding before using D50 and for the administration of D50, and faulted Nurse Burdett for improperly administering D50, among other things.

Although Nurse Burdett was provided to DHMC by Cross Country and CHG, for purposes of the Aumand case, Nurse Burdett was treated as an employee of DHMC.  DHMC and the plaintiffs stipulated that DHMC was legally responsible for the conduct of all of the medical personnel who treated Mrs. Coffey at DHMC. The issue of the individual negligence of DHMC and the medical providers was not addressed, and the jury was instructed that if they found "Mrs. Coffey's injuries were caused by negligence of any of the Dartmouth Hitchcock staff who participated in her care, . . . then [they] should find the hospital liable for those injuries."  Aumand, dkt. no. 131, p. 93.

Because DHMC was the only defendant, for purposes of determining liability, the verdict form asked only:  "Do you find in favor of the plaintiffs on their claim of medical negligence?" and provided a line for a "yes" or "no" answer.  The jury found in favor of the plaintiffs and awarded a total of $983,000 in damages.  Judgment was entered accordingly.  DHMC and CHG each paid part of the damages owed to the plaintiffs in the Aumand case.  Cross Country has not provided indemnification or contribution toward the damages paid.

DHMC then brought suit against Cross Country and CHG, alleging a right to indemnification and contribution from both Cross Country and CHG toward the damages paid in the Aumand case and a claim for breach of contract against CHG.  The breach of contract and indemnification claims against CHG are subject to arbitration.  The court previously interpreted the vendor agreement between Cross Country and DHMC to obligate Cross Country to indemnify DHMC for that part of the damages awarded in the Aumand case which is attributable to Nurse Burdett's negligence.  Order on Summary Judgment, dkt. no. 49, at 14.

The parties agree that the Aumand verdict established DHMC's liability for the medical negligence that caused Mrs. Coffey's death.

## Discussion

In support of its motion for summary judgment, DHMC argues that a review of the transcript in the Aumand case establishes that the evidence presented there was sufficient only to show Nurse Burdett's negligence and was insufficient to show causal negligence by Nurse Practitioner Clark or DHMC itself.[1]  DHMC further argues that CHG and Cross Country are precluded by res

---

[1] DHMC does not address the negligence, if any, of the intern who was involved in Mrs. Coffey's treatment.

judicata and collateral estoppel from challenging the <u>Aumand</u> verdict. CHG and Cross Country object, contending that the trial transcript from the <u>Aumand</u> case cannot be used to resolve the issues of indemnification and contribution in this case.

DHMC's arguments fall far short of its burden to succeed on summary judgment. As the court has previously noted, the issue of the relative causal negligence among Nurse Burdett, Nurse Practitioner Clark, and DHMC as an institution (as opposed to its vicarious liability) was not litigated in the <u>Aumand</u> case. The verdict in <u>Aumand</u> established that medical negligence at DHMC caused Mrs. Coffey's injuries that led to her death and that DHMC was liable for that negligence.

A.  <u>Sufficiency of the Evidence</u>

DHMC contends that the evidence in the <u>Aumand</u> case establishes that Nurse Burdett's negligence caused Mrs. Coffey's death. Because the relative individual negligence of Nurse Burdett, Nurse Practitioner Clark, and DHMC was not an issue in <u>Aumand</u>, no party presented evidence or argument pertinent to the relative negligence of the various care providers in that case. Therefore, the <u>Aumand</u> verdict does not establish the relative negligence of Nurse Burdett, Nurse Practitioner Clark, and DHMC. Whether the evidence presented during the <u>Aumand</u> trial would have

7

been sufficient to sustain a verdict against Nurse Burdett, Nurse Practitioner Clark, or DHMC, individually, was not decided there and will not be considered here.

B.  <u>Issue and Claim Preclusion - Collateral Estoppel and Res Judicata</u>

DHMC's issue and claim preclusion argument is opaque at best.  The theory is made more difficult to understand because DHMC refers back to a previous filing to support its arguments without providing any citations to authority or developed explanation of the legal basis for its theory in its current memorandum.

Federal law governs the preclusive effect of prior federal actions.  <u>Global NAPs, Inc. v. Verizon New England Inc.</u>, 603 F.3d 71, 94 (1st Cir. 2010).  "Collateral estoppel, now often called issue preclusion, prevents a party from relitigating issues that have been previously adjudicated." <u>Rodriguez-Garcia v. Miranda-Marin</u>, 610 F.3d 756, 771 (1st Cir. 2010).  For issue preclusion to apply, the same issue must be involved in both actions, the issue must have been "actually litigated" in the previous action, the issue must have been determined in a valid and binding judgment, and the issue must have been essential to that judgment.  <u>Id.</u>  Res judicata or claim preclusion bars litigation

of claims that were already litigated or that could have been litigated in an earlier action. <u>Puerto Ricans for Puerto Rico Party v. Dalmau</u>, 544 F.3d 58, 69 (1st Cir. 2008).

To the extent DHMC contends that issue and claim preclusion bar CHG and Cross Country from litigating the allocation of negligence among Nurse Burdett, Nurse Practitioner Clark, and DHMC individually, that argument is obviated by the court's conclusion that the <u>Aumand</u> case did not establish the relative individual negligence of the care providers. To the extent DHMC contends that CHG and Cross Country are precluded from litigating the indemnity and contribution claims and the allocation issue here because they did not raise those matters in the <u>Aumand</u> case, DHMC is mistaken.

DHMC did not bring its claims for indemnification or contribution in the <u>Aumand</u> case. Therefore, those claims were not decided there. Because those are DHMC's claims, not claims brought by CHG or Cross Country, DHMC's argument that res judicata applies because CHG and Cross Country <u>could</u> have raised the claims in the <u>Aumand</u> case is misplaced. Allocation of negligence was not an issue in the <u>Aumand</u> case and, therefore, the issue was not actually litigated, a requirement for issue preclusion.

DHMC has not shown, for purposes of summary judgment that res judicata or collateral estoppel would bar CHG and Cross Country from litigating the issue of allocation in this case.

## Conclusion

For the foregoing reasons, the plaintiff's motion for summary judgment (document no. 67) is denied.

SO ORDERED.

*/s/ Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

December 9, 2010

cc: Andrew D. Dunn, Esquire
 Ronald J. Lajoie, Esquire
 Anil Madan, Esquire
 Joseph Gardner Mattson, Esquire
 Ralph Suozzo, Esquire