```
            UNITED STATES DISTRICT COURT FOR THE
                   DISTRICT OF NEW HAMPSHIRE
```

Dartmouth Hitchcock Medical Center

   v.                                       Civil No. 09-cv-160-JD
                                           Opinion No. 2011 DNH 037

Cross Country Travcorps, Inc., et al.

O R D E R

Cross Country Travcorps, Inc. ("Cross Country") moves to compel Dartmouth Hitchcock Medical Center ("DHMC") to produce certain letters written by DHMC's counsel to Dr. Sanders and Dr. Comi, who are DHMC employees and expert witnesses for DHMC.[1] DHMC objects, contending that the letters are protected by the attorney-client privilege, the work product privilege, and by Federal Rule of Civil Procedure 26(b)(4)(C). Cross Country failed to file a certification that it made a good faith effort to obtain concurrence from opposing counsel. See LR 7.1(c).

---

[1] Dartmouth Hitchcock Medical Center ("DHMC") brought an action against Cross Country Travcorps, Inc., doing business as Cross Country Staffing, and their affiliates (referred to collectively as "Cross Country"), and CHG Medical Staffing, Inc., doing business as RN Network ("CHG"). DHMC's claims arise out of a medical negligence action, Aumand v. Dartmouth Hitchcock Medical Center, No. 06-cv-434-JL, brought by the daughter and husband of a patient, Katherine Coffey, who died following treatment at DHMC. In this case, DHMC seeks indemnification from Cross Country and contribution from Cross Country and CHG toward the damages paid in the Aumand case.

Discussion

In the course of deposing Dr. Sanders on January 1, 2011, counsel for Cross Country, Ronald Lajoie, found three letters from DHMC's counsel, Andrew Dunn, in Dr. Sanders's file. Lajoie asked Dunn to identify the letters. Dunn said that the first was a transmittal letter with directions to Dunn's office and a copy of Jean Clark's deposition transcript; the second was a copy of a letter to Dr. Comi, dated December 20, 2010, with exhibits from Clark's deposition; and the third was a report, dated January 7, 2011, summarizing Dunn's discussions with Dr. Sanders in preparation for his deposition. Dunn claimed that the three documents were protected from disclosure by privilege.

Cross Country moves to compel disclosure of all three documents. In support of its motion, Cross Country contends that neither Dr. Sanders nor Dr. Comi are retained experts, making Federal Rule of Civil Procedure 26(b)(4)(C) inapplicable. DHMC objects on the grounds that Dr. Sanders is a retained expert so that the documents are protected under Rule 26(b)(4)(C) and that the attorney-client and work product privileges protect the documents from disclosure.[2]

---

[2]At Dr. Sanders's deposition, Dunn stated that although he was asserting privilege as to all three documents, he did not care about the first document, the transmittal letter.

A.  Dr. Sanders

Cross Country asserts that "Dr. Sanders is a non-retained expert for DHMC in this case, as he was employed by DHMC at the time it made its expert disclosure."  DHMC responds that Dr. Sanders is a retained expert who was disclosed as such and provided a written report as required under Rule 26(a)(2).  DHMC cites its expert disclosure and Dr. Sanders's report that were appended to Cross Country's previous motion to exclude and limit certain expert testimony.

In the current version, Federal Rule of Civil Procedure 26(b)(4) protects from discovery certain documents and "tangible things" that are prepared in anticipation of litigation or for trial by a retained expert or the party's attorney.  Because Dr. Sanders is a retained expert, contrary to Cross Country's representation, it appears that Rule 26(b)(4) protects the documents at issue here.


B.  Dr. Comi

Dr. Comi is an employee of DHMC and is not a retained expert.  Therefore, apparently Rule 26(b)(4) does not apply to

the letter addressed to him.[3]  DHMC, however, asserts attorney-client and work product privilege.

Because the claims in this case are governed by New Hampshire law, the issue of privilege must be determined in accordance with New Hampshire law.  Fed. R. Evid. 501.  Under New Hampshire rules, "[a] client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client (1) between the client or his or her representative and the client's lawyer or the lawyer's representative . . . ."  N.H. Rules of Evid. 502(b).  A representative of a client is "one having authority to obtain professional legal services, or to act on advice rendered pursuant thereto, on behalf of the client.  Id. 502(a)(1).

DHMC asserts that as a non-retained expert witness and a doctor who is an employee of DHMC, Dr. Comi is a representative of DHMC within the meaning of Rule 502(b).  DHMC further asserts that Dunn was acting as its attorney in sending the letter to Dr.

---

[3]The parties do not address what effect Rule 26(b)(4) would have here due to the fact that the letter to Dr. Comi was forwarded to Dr. Sanders, who is protected by Rule 26(b)(4).

4

Comi.  DHMC also represents that the privilege has not been waived.

Cross Country did not address attorney-client privilege. Based on the arguments and evidence presented, DHMC has carried its burden of showing that the privilege applies to the letter sent to Dr. Comi.  For the same reasons, even if Rule 26(b)(4) did not protect the documents sent to Dr. Sanders, the attorney-client privilege would apply to the documents, protecting them from disclosure.

## Conclusion

For the foregoing reasons, the defendant's motion to compel (document no. 80) is denied.

SO ORDERED.

*[signature]*
Joseph A. DiClerico, Jr.
United States District Judge

March 16, 2011

cc:  Andrew D. Dunn, Esquire
     Ronald J. Lajoie, Esquire
     Anil Madan, Esquire
     Joseph Gardner Mattson, Esquire
     Ralph Suozzo, Esquire