```
                UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE
```

<u>Dartmouth Hitchcock Medical Center</u>

    v.                                              Civil No. 09-cv-160-JD
                                                    Opinion No. 2011 DNH 047

<u>Cross Country Travcorps, Inc.,</u>
<u>d/b/a Cross Country Staffing and</u>
<u>CHG Medical Staffing, Inc., d/b/a RN Network</u>

O R D E R

Dartmouth Hitchcock Medical Center ("DHMC") brought an action against Cross Country Travcorps, Inc., doing business as Cross Country Staffing, and their affiliates (referred to collectively as "Cross Country"), and CHG Medical Staffing, Inc., doing business as RN Network ("CHG"). DHMC's claims arise out of a medical negligence action, <u>Aumand v. Dartmouth Hitchcock Medical Center</u>, No. 06-cv-434-JL. In this case, DHMC seeks indemnification from Cross Country and contribution from Cross Country and CHG for the damages paid by DHMC in the <u>Aumand</u> case.[1] Cross Country and CHG move to exclude DHMC's claims for attorneys' fees and costs, and DHMC objects.

---

[1] Other claims have been referred to arbitration.

## Background

Cross Country provided a nurse, Ruth Burdett, to DHMC under a staffing agreement with DHMC and a subcontractor agreement with CHG. Nurse Burdett was involved in the care of a patient at DHMC, who died. Deborah Aumand, as the executor of the estate of her mother, Katherine Coffey, and Francis Coffey, Deborah's father and Katherine's husband, brought a medical malpractice against DHMC, alleging that Katherine Coffey died as a result of treatment she received at DHMC in 2005.

DHMC tendered its defense in the Aumand case to CHG. CHG provided counsel, Philip M. Coffin and Thomas V. Laprade, to represent DHMC. Attorneys Coffin and Laprade, therefore, represented DHMC in defending against the claims in the Aumand case.

The Aumand plaintiffs added Cross Country and CHG as defendants in an amended complaint, alleging, inter alia, that Nurse Burdett, supplied to DHMC by Cross Country and CHG, provided medical care below the applicable standard, which resulted in Mrs. Coffey's death. Later, the plaintiffs voluntarily dismissed their claims against Cross Country and CHG. Just before trial, DHMC attempted to bring Cross Country and CHG back into the case in order to address the issues pertaining to contribution and indemnification. DHMC was represented by

separate counsel for purposes of contribution and indemnification issues.  The court denied DHMC's motion.  The Aumand case proceeded to trial with DHMC as the only defendant.

After a verdict was returned in favor of the plaintiffs, DHMC and CHG paid the damages awarded.  DHMC brought a separate action against Cross Country and CHG, seeking indemnification and contribution and alleging breach of contract against CHG.  Although not alleged as a separate claim, DHMC also sought "attorneys' fees and costs to file suit to enforce their [sic] rights that they [sic] should have otherwise freely enjoyed."  Am. Compl. § 22.

Discussion

Cross Country and CHG jointly move to exclude DHMC's claim for attorneys' fees and costs.  They argue that the provisions of the Staffing Agreement between DHMC and Cross Country do not provide for an award of attorneys' fees and costs incurred by DHMC's additional counsel hired for purposes of indemnification and contribution in the Aumand case, that the indemnification provision in the Staffing Agreement does not provide for an award of fees and costs, that DHMC must prevail completely on its indemnification claim to be awarded fees and costs, that time for unsuccessful efforts should be deducted, that only reasonable and

necessary fees should be included, and no basis exists for an award of fees related to the contribution claim. DHMC objects, arguing that the defendants improperly raised the issue of settlement negotiations and that DHMC is entitled to a full award of its fees.

The parties did not address the standard of review that applies to the defendants' motion. The defendants made factual statements in their memorandum in support of their motion that are beyond the scope of the complaint, without affidavits or other evidentiary support. Similarly, DHMC asserted facts in its objection to the motion, without evidentiary support. The court will not consider factual statements that are not supported with citations to evidence provided with the filing.

In addition, DHMC made misstatements in its objection to the defendants' motion. In its statement of facts, DHMC asserted: "CHG accepted the tender and retained counsel, Attorney Thomas Laprade, to oversee the litigation and defend DHMC in the underlying action. Attorney Laprade reported only to CHG throughout the pendency of the case and through trial." Obj. Mem. at 4. The defendants pointed out that DHMC's statement that Laprade reported only to CHG was wrong. In its surreply, DHMC conceded that statement was wrong and withdrew it.

In arguing that it need not be entirely successful on its claims to be entitled to attorneys' fees and costs, DHMC also stated: "First, there is no basis for the assumption that Nurse Burdett was not 100% responsible for the injuries in the underlying action." Obj. Mem. at 7. As the defendants point out in their reply, that statement is contrary to the court's prior rulings. Therefore, DHMC's statement will not be considered.

The meaning of provisions in the Staffing Agreement is governed by New Hampshire law, which provides that the interpretation of an agreement is a legal question. <u>Birch Broadcasting, Inc. v. Capitol Broadcasting Corp., Inc.</u>, 161 N.H. 192 2010 WL 4781474, at *2 (N.H. Nov. 24, 2010). "When interpreting a written agreement, [the court] give[s] the language used by the parties its reasonable meaning, considering the circumstances and the context in which the agreement was negotiated, and reading the document as a whole." <u>One Beacon Ins., LLC v. M & M Pizza, Inc.</u>, 160 N.H. 638, 641 (2010). To the extent an argument relies on facts outside the Staffing Agreement and the filings in the <u>Aumand</u> case, the court will apply the standard for summary judgment: Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as

to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

A.  Settlement Negotiations

DHMC argues that the defendants' motion must be struck because it references the parties' settlement negotiations.  In support, DHMC relies on Federal Rule of Evidence 408.  Rule 408, however, prohibits evidence related to settlement negotiations "when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction . . . ."  The defendants note only that the issue of attorneys' fees "is complicating settlement negotiations and preventing a resolution among the parties."  Mem. dkt. no. 79 at 2.

Because the defendants' statement does not fall within the prohibited uses of information about settlement negotiations, DHMC's contention that the motion must be struck is meritless.

B.  Staffing and Subcontractor Agreements

The defendants ask the court to determine whether DHMC will be entitled to attorneys' fees under the Staffing Agreement.  In response, DHMC argues that it will be entitled to an award of fees under both the Staffing and the Subcontractor Agreements.

6

Because the claims based on the Subcontractor Agreement have been referred to arbitration, any claim for attorneys' fees under the Subcontractor Agreement is no longer part of this case.

C.  Indemnification Provision

The indemnification provision in the Staffing Agreement provides that Cross Country agreed to indemnify and hold harmless DHMC "from claims and liabilities (including reasonable attorneys' fees and expenses incurred in the defense thereof at all trial levels) relating to any property damage, personal injuries or death, directly arising out of the acts or omissions of [Cross Country] in connection with [Cross Country's] duties and services provided under this Agreement."  Staffing Agreement, ¶ 16.  Cross Country's services are stated in the first paragraph of the Agreement.

Indemnification provisions are interpreted by the same standards that govern agreements generally.  Kessler v. Gleich, 161 N.H. 104, 2010 WL 4527098, at *3 (N.H. Nov. 10, 2010).  With respect to attorneys' fees, however, parties are presumed to be responsible for their own legal fees unless they agree by unmistakably clear terms to a different arrangement.  Id. at *4.  An indemnification provision that does not expressly state that fees and costs are recoverable in an action between the parties

does not entitle a party to fees and costs in an action to enforce the agreement. Id. at *5.

By its terms, the attorney's fees and costs part of the indemnification provision, Paragraph 16, applies to fees and costs incurred by DHMC in defending against the claims and liabilities in the Aumand case, to the extent the claims and liabilities directly arose out of Nurse Burdett's negligence. The indemnification provision does not apply to costs and fees incurred in enforcing the Staffing Agreement against Cross Country. DHMC concedes in its surreply that under Kessler, the indemnification provision does not entitle DHMC to an award of fees and costs incurred in this litigation. Paragraph 16 also does not provide for fees and costs incurred in Aumand for the purpose of enforcing the indemnification provision in the Staffing Agreement.

D. Attorneys' Fees Provision

The Staffing Agreement also includes a provision that states: "If an action is brought to enforce or interpret this Agreement, the prevailing party shall be entitled to recover its costs and reasonable attorneys' fees relating to such action." Staffing Agreement, ¶ 22. DHMC contends that if it is successful on its indemnification claim against Cross Country, it will be

entitled to its fees and costs pursuant to Paragraph 22. The defendants argue that DHMC's action here is not an action to enforce the Staffing Agreement but instead is merely seeking indemnification. Based on that interpretation of DHMC's claim, the defendants argue that because the indemnification provision does not provide for an award of fees and costs in this context no such award is available.

The plain meaning of Paragraph 22 is to provide for an award of fees and costs incurred in an action to enforce or interpret the Staffing Agreement. The indemnification provision is part of the Staffing Agreement. In Count I of the amended complaint, DHMC alleges that "pursuant to the aforementioned contract [Staffing Agreement] and subcontract, both Cross Country and CHG have an obligation to defend, indemnify, and hold harmless DHMC from any and all claims that may result or arise out of the provision of Nurse Ruth Burdett to DHMC as a borrowed employee." Am. Compl. ¶ 12. Although DHMC also brought contribution claims against both Cross Country and CHG and a breach of contract claim against CHG, part of this case, Count I, is an action to enforce the Staffing Agreement. Therefore, to the extent DHMC prevails on its claim in Count I against Cross Country, it is entitled to an award of fees and costs related to that action.

E.  Prevailing Party

The Staffing Agreement does not define "prevailing party." The defendants argue that DHMC cannot be a "prevailing party" within the meaning of the Agreement unless it is indemnified for all of the amount of the damages it paid in the Aumand case. The defendants contend that DHMC cannot recover to that extent because it is not entitled to indemnity for that part of the damages awarded in Aumand attributable to DHMC's own negligence. The defendants also argue that even if DHMC could be a prevailing party without recovering full indemnification, fees and costs incurred in unsuccessful arguments should not be allowed.  DHMC asserts that it would be entitled to all of its fees and costs if it prevails on any part of its claims in this case.

Paragraph 16 applies to DHMC's claim in Count I only. Litigation of the indemnification claim is still pending, and prevailing party status cannot be determined until the claims in this case are resolved.  Therefore, the "prevailing party" issue raised in the defendants' motion is not yet ripe for a determination.

F.  Contribution Claim Against CHG

As part of its objection to the defendants' motion to exclude DHMC's claim for fees and costs, DHMC states:  "Finally,

concerning DHMC's contribution claim against CHG, DHMC is of the position that such a claim is, in reality, a common law or equitable indemnity claim.  Thus, if this Court finds for DHMC on its contribution claim against CHG, DHMC is entitled to attorneys' fees and costs on this claim as well."  Obj., dkt. no. 81, at 13.  The defendants object to DHMC's effort to recast its contribution claim as an indemnification claim.

   The defendants are correct that it is too late for DHMC to change its contribution claim to a common law indemnification claim.  Further, both the Staffing Agreement and the Subcontractor Agreement include express indemnification provisions, which preclude common law indemnification claims.  <u>Kessler</u>, 2010 WL 4527098, at *3.

## Conclusion

   For the foregoing reasons, the defendants' motion to exclude the plaintiff's claim for attorneys' fees and costs (document no. 79) is granted, to the extent the claim is based on Paragraph 16

of the Staffing Agreement and includes fees and costs incurred in the <u>Aumand</u> case, and is otherwise denied.

    SO ORDERED.

                                             /s/ Joseph A. DiClerico, Jr.
                                             Joseph A. DiClerico, Jr.
                                             United States District Judge

March 23, 2011

cc:   Andrew D. Dunn, Esquire
      Ronald J. Lajoie, Esquire
      Anil Madan, Esquire
      Joseph Gardner Mattson, Esquire
      Ralph Suozzo, Esquire