UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Dartmouth Hitchcock Medical Center

   v.                                          Civil No. 09-cv-160-JD
                                                             Opinion No. 2011 DNH 048

Cross Country Travcorps, Inc.,
d/b/a Cross Country Staffing and
CHG Medical Staffing, Inc., d/b/a RN Network


O R D E R

Dartmouth Hitchcock Medical Center ("DHMC") brought an action against Cross Country Travcorps, Inc., doing business as Cross Country Staffing, and their affiliates (referred to collectively as "Cross Country"), and CHG Medical Staffing, Inc., doing business as RN Network ("CHG"). DHMC's claims arise out of a medical negligence action, Aumand v. Dartmouth Hitchcock Medical Center, No. 06-cv-434-JL. In this case, DHMC seeks indemnification from Cross Country and contribution from Cross Country and CHG for the damages paid by DHMC in the Aumand case.[1] CHG now moves to amend its answer to add a counterclaim for contribution, and DHMC objects.

---

[1] Other claims have been referred to arbitration.

Background

Cross Country provided a nurse, Ruth Burdett, to DHMC under a staffing agreement with DHMC and a subcontractor agreement with CHG. Nurse Burdett was involved in the care of a patient at DHMC, Katherine Coffey, who died. Deborah Aumand, as the executor of the estate of her mother, Katherine Coffey, and Francis Coffey, Deborah's father and Katherine's husband, brought a medical malpractice against DHMC, alleging that Katherine Coffey died as a result of treatment she received at DHMC in 2005.

After a verdict was returned in favor of the plaintiffs, DHMC and CHG paid the damages awarded. DHMC paid $483,000, and CHG paid $500,000. DHMC brought suit against Cross Country and CHG, seeking indemnification and contribution for the damages it paid and alleging breach of contract against CHG. After its motion to dismiss was denied, CHG filed its answer on August 14, 2009.

Under the scheduling order in this case, the defendants' deadline for amending their pleadings was May 1, 2010. As amended, discovery will close on May 2, 2011. Trial is scheduled for the period beginning on May 17, 2011.

Discussion

On February 23, 2011, CHG moved to amend its answer to add a counterclaim against DHMC for contribution, pursuant to RSA 507:7-f.[2] In its proposed counterclaim, CHG denies all liability based on Nurse Burdett's actions and asserts that a jury must determine what part, if any, of the negligence that caused Mrs. Coffey's death is attributable to Nurse Burdett. CHG seeks contribution from DHMC toward the $500,000 CHG paid to satisfy the judgment in the Aumand case.

DHMC contends that CHG's counterclaim should not be allowed because it was filed long after the deadline for amending pleadings that was established by the scheduling order, it was filed too close to the start of trial, and it was filed beyond the one-year limitation period provided in RSA 507:7-g,III.[3] DHMC also challenges the counterclaim on the merits. In response, CHG argues that its amendment should be allowed under

---

[2]Although CHG characterizes its counterclaim as seeking contribution and indemnification, the counterclaim is titled "CONTRIBUTION;" cites to the contribution statute, RSA 507:7-f; and does not mention indemnification. Therefore, the counterclaim is construed to seek contribution, not indemnification.

[3]DHMC initially cited RSA 507:7-h but later discussed RSA 507:7-g, which is the pertinent statute.

3

Federal Rule of Civil Procedure 15(a)(2) and contends that the counterclaim is not futile.

A. <u>Deadline for Amending Pleadings</u>

As is noted above, the deadline imposed by the scheduling order in this case for filing an amended answer was May 1, 2010. CHG relies on the "liberal" policy for amendments in Federal Rule of Civil Procedure 15(a). However, when a party seeks to amend late in the case and after the applicable deadlines, Federal Rule of Civil Procedure 16(b) applies. <u>Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.</u>, 524 F.3d 315, 327 (1st Cir. 2008); <u>Steir v. Girl Scouts of USA</u>, 383 F.3d 7, 12 (1st Cir. 2004). Deadlines in a scheduling order may be extended only if the moving party makes a sufficient showing of good cause. Fed. R. Civ. P. 16(b)(4); <u>Trans-Spec</u>, 524 F.3d at 327; <u>In re Franklin</u>, 2011 WL 917744, at *9-*10 (Bkrtcy. D. Mass. March 15, 2011); <u>Forrester Envtl. Servs. v. Wheelabrator Techs., Inc.</u>, 2011 WL 839694, at *1 (D.N.H. March 7, 2011); <u>U.S. Bank Nat'l Assoc. v. James</u>, 2010 WL 1416126, at *2 (D. Me. Apr. 5, 2010).

CHG asserts that the delay in presenting its counterclaim will not prejudice DHMC or cause undue delay and that it seeks leave to amend in good faith. CHG also asserts that contribution may be a compulsory counterclaim so that it would be precluded

4

from seeking recovery outside of this case. CHG, however, did not address the good cause requirement imposed by Rule 16(b)(4).[4] See Forrester, 2011 WL 839694, at *1 ("The main focus of the 'good cause' inquiry is 'the diligence of the party seeking the amendment.'" quoting O'Connell v. Hyatt Hotels, 357 F.3d 152, 155 (1st Cir. 2004)).

Judgment was entered in the Aumand case in May of 2009. CHG and DHMC paid their respective portions of the damages sometime before June 11, 2009, when plaintiffs' counsel in Aumand signed a stipulation that the judgment had been satisfied. No apparent circumstances explain CHG's delay in seeking contribution from DHMC. Therefore, CHG failed to satisfy the requirement for extending the deadline, and its motion must be denied.

B. RSA 507:7-g,III

If more were needed, DHMC also asserts the limitation provided in RSA 507:7-g,III: "If a judgment has been rendered, the action for contribution must be commenced within one year after judgment becomes final." In its reply, CHG asserts that the court should apply the Federal Rules of Civil Procedure to

---

[4]Instead, CHG relies on former Federal Rule of Civil Procedure 13(f) and argues that its standard should be incorporated into the Rule 15(a)(2) analysis.

allow amendment despite the limitation provision in RSA 507:7-g,III. CHG argues that the limitation provision in RSA 507:7-g,III conflicts with Rule 15, and that under the reasoning in Morel v. DaimlerChrysler AG, 565 F.3d 20, 24 (1st Cir. 2009), liberal amendment policy in Rule 15(a) and the relation-back provision in Rule 15(c) should apply.

In this case, it is unnecessary to go through the Morel analysis to determine whether the limitations period in RSA 507:7-g,III is subject to Rule 15. As is discussed above, Rule 16(b) governs consideration of a motion for leave to amend a pleading filed after the deadline imposed in the scheduling order. Therefore, CHG's argument is unavailing.

## Conclusion

For the foregoing reasons, CHG's motion to amend its answer (document no. 88) is denied.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

March 23, 2011

cc: Andrew D. Dunn, Esquire
    Ronald J. Lajoie, Esquire
    Anil Madan, Esquire
    Joseph Gardner Mattson, Esquire
    Ralph Suozzo, Esquire